[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in New York, New York on November 28, 1986. The plaintiff has resided continuously in Connecticut for the last five years. There is one child issue of the marriage, Charline, born June 17, 1990. The evidence indicates that this marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 37, emigrated to this country from China in 1982. At that time she held a degree in mechanical engineering and went on to obtain a master's degree from the City University of New York. She indicates no health problems.
The defendant, age 38, entered the United States from China in 1985. He had a bachelor's degree in computer science, and obtained a master's degree in that field from New York University. He also enjoys good health.
The parties met in 1985 shortly after the defendant arrived in the United States and began a relationship that resulted in their getting married in 1986. They are both bright, industrious young people, and they are both gainfully employed and are presently earning approximately similar incomes. Marital problems developed in 1991 resulting in the defendant leaving the marital home in the fall of 1991. The panics have remained separated since then. The court is unable to assess fault and finds each partner must assume some responsibility for the breakdown of the marriage.
Both the plaintiff and the defendant apparently have no problems exhibiting distrust and practicing deception against each other, the court and governmental agencies. They deserve no kudos for their actions, and their lack of candor not only was not appreciated by the court but made its task of reaching an equitable decision more difficult.
The court has carefully considered the criteria set forth in Connecticut General Statutes Sections 46b-56, 46b-62, 46b-81,46b-82 and 46b-84 in reaching the decisions reflected in the orders that follow. CT Page 6517
The following orders may enter:
1. The plaintiff shall have sole legal and physical custody of the minor child, Charline. The court finds that the inability of the parties to communicate or trust each other, the geographical distance between their homes and the infrequent contacts by the defendant with his daughter in the past militate against the viability of a joint custodial arrangement at the present time. However, the plaintiff shall furnish the defendant with copies of the child's school and health records, shall afford the defendant the opportunity to express his views as to religious and educational decisions involving his daughter and shall encourage the child to develop a meaningful relationship with her father.
2. The defendant shall have liberal and reasonable visitation rights. The court intends to order a specific visitation schedule, but before it does so, it wishes to give the parties an opportunity to express their wishes more fully than they did at trial. Therefore, the matter is referred to the Family Services Unit of the Stamford Superior court for the purpose of investigating the matter. The parties shall cooperate and meet with that agency at scheduled dates. The Family Services Unit shall issue a written report to this court within thirty days of this decision. The court will promptly thereafter issue its order as to visitation.
Until the court issues its visitations orders, the defendant may visit with the child one day every other weekend from 10:00 a.m. to 7:00 p. m. The weekend day shall alternate so that the defendant visits the child on Sunday and the next time on a Saturday.
3. The defendant shall transfer his interest in the marital residence located at 1169 Hope Street, Stamford, Connecticut, to the plaintiff. The transfer shall be subject to the existing mortgage, which the plaintiff shall assume to pay and indemnify and hold the defendant harmless from any liability thereon.
4. The child support guidelines indicated that the defendant's share of the child support obligation to be $122.00 per week. The court finds, however, that a deviation is appropriate. Since the plaintiff often works sixty hours per week, her child care costs are large. Therefore, the defendant shall pay to the plaintiff as child support the sum of $250.00 per week. The payments shall commence on June 13, 1994 and continue weekly thereafter, in advance, until the death of the child, her emancipation or her reaching majority or any statutory extension thereof, whichever event first occurs. CT Page 6518
5. The defendant shall pay to the plaintiff as periodic alimony the sum of $50.00 per week. The payments shall commence on June 13, 1993 and continue weekly thereafter, in advance, until the death of either party, the plaintiff's remarriage or June 12, 1999, whichever event first occurs.
An immediate wage withholding order may enter for the payment of the alimony and child support orders. The parties shall exchange on an annual basis their W-2s, 1099s and tax returns, together with notice within ten days of any change of addresses and changes of employment.
6. For as long as the plaintiff provides major medical and hospital insurance coverage for the minor child, the defendant shall be solely responsible for all uninsured and unreimbursed medical, dental and related expenses for the care of the minor child. When and if the defendant obtains medical insurance for the minor child that is comparable to her present coverage, then the parties shall equally share the cost of any uninsured and unreimbursed medical, dental and related expenses for the care of the child. Connecticut General Statutes Section 46b-84c shall apply, if applicable.
7. Whenever life insurance is available through the defendant's employment, he shall maintain life insurance on his life for the benefit of his minor child for as long as he is liable or child support in an amount of at least two-thirds of the maximum coverage offered the defendant.
8. The defendant shall return to the plaintiff any and all photographs and photograph albums the defendant removed from the marital residence. This shall be done within thirty days of this decision. The court reserves jurisdiction over any dispute involving any distribution of furniture or furnishings located in the marital residence. If there is a disagreement, the parties shall discuss this with the Family Services Unit, and the court will issue orders after receiving a report and recommendation from that agency.
9. The plaintiff is awarded the following assets: 1993 Honda automobile; the checking and savings accounts scheduled on her financial affidavit, dated June 8, 1994; her 401K Plan; the assets of her AK Computer Consulting business.
10. The defendant is awarded the following assets: the two Toyota automobiles listed on his financial affidavit, dated May 11, 1994; his arts/crafts; stocks in OHG, Inc.; the checking and savings accounts scheduled on his May 11, 1994 financial affidavit. CT Page 6519
11. Each party shall be solely responsible for the liabilities scheduled on her/his financial affidavit, dated June 8, 1994 and May 11, 1994, and indemnify and hold harmless the other from any liability thereon.
12. Each party shall be solely responsible for the payment of his or her own counsel fees.
13. The plaintiff shall transfer to the defendant as an assignment of property the sum of twenty five thousand ($25,000) dollars. This payment shall be made by July 15, 1994.
14. The defendant's motion for modification of the pendente lite alimony order is denied. The defendant has failed to sustain his burden of proof on the motion.
15. The court finds that there is an arrearage of $4,200.00 due from the defendant on the pendente lite alimony order. The balance may be set off against the property assignment ordered above.
Judgment may enter accordingly.
NOVACK, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 6531